JARVIS WILLIAMSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williamson v. Commissioner
Docket No. 38964-86
United States Tax Court
T.C. Memo 1991-420; 1991 Tax Ct. Memo LEXIS 469; 62 T.C.M. (CCH) 610; T.C.M. (RIA) 91420; August 26, 1991, Filed *469 Decision will be entered for the respondent. Stephen H. Rosen, for the petitioner. Talitha L. Poulin, for the respondent. WHALEN, Judge. WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 2,686.00 in petitioner's 1983 Federal income tax and an addition to tax under section 6653(a)(1) of $ 134.30. Respondent also filed a motion for damages of $ 5,000 under section 6673. All section references are to the Internal Revenue Code of 1954 as amended unless otherwise indicated. The issues for decision are: (1) Whether petitioner is entitled to deduct amounts claimed as charitable contributions; (2) whether petitioner is liable for the addition to tax under section 6653(a)(1); and (3) whether respondent's motion for damages under section 6673 should be granted. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by reference. In 1969, petitioner began living in the same household with Mr. E. W. Holloway. Petitioner was then 16 or 17 years old. In 1972, he and Mr. Holloway jointly purchased a house located in Teaneck, *470 New Jersey. In 1973, he conveyed his one-half interest in the house to Mr. Holloway, but he continued to live there with Mr. Holloway. Petitioner resided there when he filed the petition in this case. During 1983, petitioner was one of four or five trustees of the Mount Holiness Temple of Pentecostal Faith, Inc. (the Temple). Mr. Holloway was pastor of the Temple. Petitioner held other positions at the Temple, including choir director, youth director, and Sunday school teacher. Schedule A of petitioner's 1983 Federal income tax return claims a deduction for cash contributions to the Temple in the amount of $ 9,354.10 and makes reference to a "statement attached." Attached to petitioner's 1983 return is a letter dated January 9, 1984, from Mr. Holloway which states as follows: Please be advised that the amount of monies reflected below indicates your contributions given to the "Temple" during the Year: 1984 [sic]:
Tithes (20%)
$ 3,346.22
Church Dues
$   36.00
Freewill Offerings
$   468.00
Building Fund Drive for '83
$ 5,503.88
$ 9,354.10
TOTAL
During 1986, respondent audited petitioner's 1983 return and asked petitioner to substantiate the deduction *471 for cash contributions to the Temple claimed on the return. Petitioner gave respondent a letter from Mr. Holloway, dated May 2, 1986, which states as follows: Our records reflect your donations given during 1983 as follows: I.
Building Fund:
02/25/83
(Fed Ck)
$ 3,674.62
04/03/83
(State Ck) 1,503.88
07/29/83
(Cash)
325.38
$ 5,503.88
II.
Tithes (Bi-weekly 20%)
$ 3,346.22
(Net Pay $ 16,731.11)
III.
Dues ($ 3.00 per mo.)
$   36.00
IV.
Freewill Offerings
($ 9.00 per week)
$   468.00
$ 9,354.10
TOTAL
[Emphasis in original.] Respondent disallowed the entire charitable deduction and issued a notice of deficiency in which he determined the subject tax deficiency in petitioner's 1983 Federal income tax and an addition to tax for negligence, pursuant to section 6653(a)(1). Respondent did not determine an addition to tax pursuant to section 6653(a)(2). Petitioner failed to cooperate with respondent's counsel in preparing this case for trial and failed to provide reasonable discovery to respondent. The attempts by respondent's counsel to obtain petitioner's cooperation are described in respondent's Amendment to Motion to Assert Section *472 6673 Damages. Among other things, petitioner failed to respond to at least three attempts by respondent to meet with petitioner and to obtain informal discovery. Respondent then issued formal discovery in the form of Respondent's First Set Of Interrogatories To Petitioner and Respondent's First Request For Production of Documents. Respondent's request for production asks for production of the following: (1) All checking account or other bank account statements, deposit slips, withdrawal slips and cancelled checks pertaining to each and every bank account you maintained in 1983; (2) All checking account or other bank account statements, deposit slips, withdrawal slips, cancelled checks and signature cards for each and every bank account maintained by the Mount Holiness Temple of the Pentecostal Faith, Inc. in 1983, which reflect payments to or on your behalf during 1983; (3) All records indicating the amount of any payment made to third parties by the Mount Holiness Temple of the Pentecostal Faith, Inc. on your behalf during 1983; (4) All records, receipts and cancelled checks showing the amounts you paid in 1983 for rent, food, utilities and other living expenses; (5) All *473 records showing the amount of any monies paid to you by Rev. E. W. Holloway or the Mount Holiness Temple of Pentecostal Faith, Inc. during 1983; (6) All records showing the disposition of all monies received by the Mount Holiness Temple of the Pentecostal Faith, Inc. from you during 1983; (7) All checking account or other bank account statements, withdrawal slips, cancelled checks and signature cards as to each and every bank account maintained by the Mount Holiness Temple of the Pentecostal Faith, Inc. over which you had signature authority during any part of 1983, and; (8) All records showing any contributions made by you to the building fund of the Mount Holiness Temple of the Pentecostal Faith, Inc. during 1983 and showing the use of such funds by the church.
Petitioner failed to respond to the above production request in violation of Rule 72(b) of the Tax Court Rules of Practice and Procedure. Accordingly, respondent filed a motion to compel in which he asked the Court to order petitioner to produce the documents described above. The Court granted respondent's motion but petitioner did not comply with the Court's order or, at least, did not comply in a timely fashion. *474 We further note that prior to trial, the Court issued its Standing Pre-trial Order which, among other things, directs each party to submit a trial memorandum to the Court and to the opposing party identifying all witnesses to be called at trial. The order warns the parties that "witnesses who are not identified will not be permitted to testify at trial." Petitioner failed to submit a trial memorandum as ordered. At trial, respondent moved to dismiss the case for lack of prosecution and moved for the imposition of sanctions against petitioner on the ground that respondent had not received any documents from petitioner. The Court denied respondent's motion to dismiss but it granted respondent's oral motion for sanctions in that it barred petitioner from introducing into evidence any documents covered by respondent's request for production of documents. The Court also barred petitioner from calling any witness, other than himself. We note that before taking such action, petitioner's attorney had stated that petitioner had no witnesses to testify at trial. Petitioner did not object to the sanctions imposed by the Court. OPINION The first issue for decision is whether petitioner *475 is entitled to deduct the cash contributions allegedly made to the Temple during 1983. Section 170(a) allows as a deduction "any charitable contribution (as defined in section 170(c)) payment of which is made within the taxable year." Section 170(c) defines the term "charitable contribution" to mean "a contribution or gift" to or for the use of certain entities "organized and operated exclusively for religious, charitable" and certain other purposes, and "no part of the net earnings of which inures to the benefit of any private shareholder or individual." See sec. 170(c)(2)(B) and (C). In his notice of deficiency, respondent determined that petitioner is not entitled to deduct any charitable contribution to the Temple during 1983 on the ground that petitioner received personal benefit from the alleged contributions made. Respondent's notice explains that the subject "contributions remain disallowed based upon question of inurement benefit to the taxpayer." Petitioner must establish that the amount contributed qualifies as a "charitable contribution" within the meaning of section 170(c). That provision states as follows: (c) CHARITABLE CONTRIBUTION DEFINED -- For purposes of *476 this section, the term "charitable contribution" means a contribution or gift to or for the use of -- * * * (2) A corporation, trust, or community chest, fund, or foundation -- * * * (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * *
Thus, petitioner must prove, first, that he made a "contribution or gift" to the Temple and, second, that the Temple qualifies as an organization described in section 170(c)(2). Rule 142(a), Tax Court Rules of Practice and Procedure.
The statute does not define the phrase "contribution or gift." Foster v. Commissioner, 80 T.C. 34, 222 (1983), affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985). However, it is clear that the words "charitable contribution," as used in section 170, are synonymous with the term "gift." DeJong v. Commissioner, 36 T.C. 896, 899 (1961), affd. 309 F.2d 373 (9th Cir. 1962). The Supreme Court has described the nature of a "gift" as proceeding from "'detached *477 and disinterested generosity'"; something given "'out of affection, respect, admiration, charity, or like impulses.'" Commissioner v. Duberstein, 363 U.S. 278, 285, 4 L. Ed. 2d 1218, 80 S. Ct. 1190 (1960) (quoting Commissioner v. LoBue, 351 U.S. 243, 246, 100 L. Ed. 1142, 76 S. Ct. 800 (1956), and Robertson v. United States, 343 U.S. 711, 714, 96 L. Ed. 1237, 72 S. Ct. 994 (1952)). Therefore, petitioner must prove that he transferred the moneys to the Temple with "'detached and disinterested generosity'" and not with "'the incentive of anticipated benefit.'" Commissioner v. Duberstein, supra at 285 (quoting Commissioner v. LoBue, supra at 246, and Bogardus v. Commissioner, 302 U.S. 34, 41, 82 L. Ed. 32, 58 S. Ct. 61 (1937)). In this case, petitioner testified that he lived with Mr. Holloway, the pastor of the Temple. He testified that he paid no rent to the Temple or to Mr. Holloway and he paid nothing for the running or maintenance of the household, such as utilities, real estate taxes, etc. Petitioner presented no evidence of his personal living expenditures above and beyond the alleged "contributions" made to the Temple. Furthermore, the record contains no information about the income and *478 expenditures of the Temple and, accordingly, we do not know whether funds received by the Temple were used to defray expenses in the running of Mr. Holloway's house. Based upon the record in this case, it is reasonable to infer that any monies contributed by petitioner to the Temple were used in the running of Mr. Holloway's household. It is further reasonable to infer that any "contributions" made by petitioner to the Temple benefited him and were in anticipation of such housing or other benefits and, thus, did not proceed from "detached and disinterested generosity." Based on the record before us, we hold that petitioner has failed to prove that he made a "contribution or gift" to the Temple during 1983 within the meaning of section 170(c). Petitioner has also failed to prove that the Temple qualifies as an organization described in section 170(c)(2). The test for qualification of an organization under section 170(c)(2) requires petitioner to prove that no part of the net earnings of the organization inured to the benefit of a private shareholder or individual. Sec. 170(c)(2)(C); see Stephenson v. Commissioner, 79 T.C. 995, 1002, 1003 (1982), affd. 748 F.2d 331 (6th Cir. 1984). *479 For the reasons stated above, we infer that any contributions made by petitioner to the Temple were used to pay his personal living expenses and, therefore, inured to his benefit. Petitioner argues that by denying him a deduction for charitable contributions to the Temple, respondent is discriminating against him on the basis of his religious beliefs, in violation of the First Amendment of the Constitution of the United States. We disagree. Petitioner's religious beliefs and the religious doctrines of the Temple are irrelevant to respondent's determination. Petitioner remains free to espouse his religious doctrines and to solicit support for such doctrines. However, when he seeks to deduct a charitable contribution, he must satisfy the express requirements of section 170, as must all other taxpayers. Davis v. Commissioner, 81 T.C. 806, 818 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). The second issue for decision involves respondent's determination that petitioner is liable for additions to tax under section 6653(a)(1) for negligence or intentional disregard of the rules and regulations. This Court has repeatedly *480 sustained the section 6653(a)(1) addition in cases involving an alleged charitable contribution to a "church" where, in fact, the funds were used for personal and family expenses. Davis v. Commissioner, supra at 820-821; also see Murphy v. Commissioner, T.C. Memo 1983-59; Neil v. Commissioner, T.C. Memo 1982-562, affd. without published opinion 730 F.2d 768 (9th Cir. 1984). Petitioner bears the burden of proving that respondent's determination is incorrect. Enoch v. Commissioner, 57 T.C. 781, 802 (1972). At trial, neither petitioner's brief testimony nor the argument of his attorney addressed this issue. Accordingly, petitioner has failed to carry his burden of proof on this issue, and we sustain respondent's determination that petitioner is liable for the addition to tax under section 6653(a)(1). The last issue for decision involves respondent's motion for damages, pursuant to section 6673. Under that section, the Court is authorized to award damages to the United States in an amount not in excess of $ 5,000 if it appears that proceedings before it were instituted or maintained *481 by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. We note that section 6673(a) was amended by section 7731 of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2400, applicable to "positions taken after December 31, 1989, in proceedings which are pending on, or were commenced after such date." As amended, section 6673 provides that the Court may require the taxpayer to pay a "penalty" not in excess of $ 25,000 for similar conduct to that described in section 6673 prior to amendment. Our review of the record convinces us that petitioner's position is frivolous or groundless, and that the proceedings were instituted or maintained primarily for delay. Therefore, we grant respondent's motion and require petitioner to pay to the United States a penalty of $ 2,000, pursuant to section 6673. To reflect the foregoing, Decision will be entered for the respondent.